# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>HEATHER BEAULIEU,<br><br>        Defendant. | Civil Action No. _____ |

## **COMPLAINT**

This case arises out of the Nurse Corps Scholarship Program, Section 846(d) of the Public Health Service Act (42 U.S.C. § 297n(d)), which provides funding for nursing students in return for services in communities underserved by health services. The program is designed to assure the provision of medical practitioners in "health professional shortage areas" as designed by the Secretary of the United States Department of Health and Human Services. *See* 42 U.S.C. § 254e. Plaintiff the United States of America, by and through undersigned counsel, alleges as follows:

### I.  PARTIES

1. Plaintiff is the United States of America ("Plaintiff" or the "United States"), on behalf of its agency, the United States Department of Health and Human Services ("HHS").

2. Defendant is Heather Beaulieu ("Defendant"), a resident of Biddeford, County of York, State of Maine. On information and belief, Defendant is licensed as a registered nurse in the State of Maine.

## II.   JURISDICTION AND VENUE

3.   Plaintiff brings this action pursuant to the jurisdiction provided by 28 U.S.C. § 1345.

4.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## III.   THE DEBT OWED BY DEFENDANT

### A.   *Defendant's Scholarship to Attend Nursing School and Service Obligation.*

5.   On or about August 27, 2015, Defendant entered into an agreement with HHS for a Nurse Corps Scholarship Program scholarship to attend nursing school (the "Agreement"). *See* **Exhibit A** (Agreement dated Aug. 27, 2015), attached hereto.

6.   Subsequently, Defendant received a scholarship award in the amount of $39,949.00 (the "Scholarship") for her nursing tuition, fees, stipend, and other reasonable educational expenses.

7.   The Scholarship was paid on the condition that Defendant perform two years of obligated full-time service as a nurse in a healthcare facility with a critical shortage of nurses as identified by the Secretary of HHS. *See id*. at § B.5 and B.6.

8.   Among other conditions, Defendant was required to start her service obligation (i) within three months of an offer of employment at a healthcare facility or (ii) within nine months after her graduation from nursing school, whichever occurred first. *See id*. at § B.8. Defendant was also required to undertake her service in accordance with the policies and procedures in effect at the time her service obligation was required to begin, including verification of initial employment by HHS before being placed on duty, and then re-verification every six months until fulfillment of her service obligation. *See id*. at § B.9.

9. Pursuant to 42 U.S.C. § 297n(g)(1)(B), a Nurse Corps Scholarship Program scholar "is liable to the Federal Government for the amount of such award (including amounts provided for expenses related to such attendance), and interest on such amount at the maximum prevailing rate if the individual fails to provide health services in accordance with the program under this section for the period of time applicable under the program." 42 U.S.C. § 297n(g)(1)(B). The Agreement similarly states that breach for failure to provide the required health services obligates the scholar to "repay all funds paid to the applicant [by the United States] . . . under this contract, and to pay interest on such amounts at the maximum legal prevailing rate from the date of the applicant's default." *See* **Exhibit A** (Agreement dated Aug. 27, 2015), at § C.1.

10. Defendant graduated from the University of Southern Maine with a degree in nursing on or around May 2017.

### B.  *Defendant's Breach of Her Service Obligation.*

11. Following graduation, by January 2018, Defendant had not notified HHS of her employment at an eligible healthcare facility, nor had she shared any employment verification request with HHS.

12. On January 25, 2018, HHS notified Defendant that she could request a one-time six-month extension to continue her employment search at an eligible facility, and that if so, she needed to do so by January 31, 2018. The next day, on January 26, 2018, Defendant responded that she would file a request for an extension. ***See*** **Exhibit B** (Emails dated Jan. 25, 2018 and Jan. 26, 2018), attached hereto. Defendant did not submit the required employment search form for the extension request.

13. On March 7, 2018, HHS notified Defendant that it did not have any record of her working at an eligible facility. HHS reminded Defendant that she had until a date

3

certain to secure employment and share this information with HHS so that the agency could verify her employment and activate her service obligation start date. **See Exhibit C** (Letter dated Mar. 7, 2018), attached hereto.

14. On December 22, 2018, HHS notified Defendant that she had defaulted on the conditions of the Agreement because she had not started the required service obligation. HHS also advised Defendant that her debt to HHS arising from the Scholarship must be paid within three years from the date of default. **See Exhibit D** (Letter dated Dec. 22, 2018), attached hereto.

15. During the period 2021 through 2023, HHS sent Defendant several letters notifying Defendant that her account was delinquent and demanding payment.

16. Following Defendant's graduation and continuing through the date of this filing, HHS's records reflect that Defendant has completed zero days of her 730-day (or, two year) service obligation. Relatedly, Defendant has not submitted any employment verification forms to HHS.

17. Defendant is indebted to HHS in the principal amount of $39,949.00, as well as interest as of October 31, 2023 in the amount of $24,037.12, for a total amount due of $63,986.12. Interest is accruing from October 31, 2023 at the rate of 10.625% per annum until the date of judgment. *See* **Exhibit E** (Certificate of Indebtedness), attached hereto.

18. Demand has recently been made upon Defendant by Plaintiff for the sum due on April 19, 2024, but the amount due remains unpaid.

**WHEREFORE**, Plaintiff the United States requests the following relief:

1. Judgment against Defendant in the principal amount of $39,949.00, and interest as of October 31, 2023 in the amount of $24,037.12, for a total amount due as of October 31, 2023 in the amount of $63,986.12, pursuant to 42 U.S.C. § 297n(g)(1)(B);

2. Pre-judgment interest from October 31, 2023 to the date of judgment at the rate of 10.625% per annum, or $11.63 per day, pursuant to 42 U.S.C. § 297n(g)(1)(B);

3. Post-judgment interest pursuant to 28 U.S.C. § 1961; and

4. Other such other and further relief as the Court deems just and proper.

Dated: May 13, 2024                    Respectfully submitted,

DARCIE N. MCELWEE
UNITED STATES ATTORNEY

/s/ Katelyn E. Saner
Katelyn E. Saner
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza
Portland, ME  04101
(207) 780-3257
katelyn.saner@usdoj.gov

5